# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS L. MUSQUEZ,<br>Plaintiff,<br>v.<br>BECKY REIFENSTAHL, et al.,<br>Defendants. | 1:14-cv-01960-BAM (PC)<br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br>THIRTY-DAY DEADLINE |

**I. Screening Requirement and Standard**

Plaintiff Marcos L. Musquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 10, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Central Valley Modified Community Correctional Facility in McFarland, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Becky Reifenstahl, AFA Programs/Education Director; (2) M. Bowen, Warden; and (3) John and Jane Doe 1-10. Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges: On December 10, 2013, Plaintiff was transferred to the Central Valley Modified Community Correctional Facility ("CVMCCF"). On December 15, 2013, Plaintiff appeared before an initial classification committee and placed on the educational/support services wait list.

On April 2, 2014, Plaintiff was placed in the HVAC vocational training class.

On May 23, 2014, Plaintiff was informed that his release date had changed for successfully completing Book 1 of 4 of the HVAC class. Plaintiff is eligible to earn time off his sentence.

On or about May 3-5, 2014, Defendant Reifenstahl unassigned Plaintiff and all other students from the HVAC level one vocational class. Plaintiff alleges that he was unassigned

from the HVAC class without an established committee hearing. This placed Plaintiff and other students in a status of ineligibility for early release or credit eligibility. Plaintiff filed an institutional grievance to Warden Bowen regarding the alleged due process violation. Warden Bowen denied Plaintiff's grievance.

Plaintiff alleges that none of the Department of Corrections staff were made aware of Defendant Reifenstahl's decision to change the credit eligibility of prisoners at CVMCCF. Plaintiff alleges that Defendant Reifenstahl's claim at the first level response that her action was justified by a memorandum dated 11-9-2012 was falsified.

Plaintiff alleges that he was denied Due Process under the Fourteenth Amendment to the United States Constitution.

## III. Discussion

### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff fails to link the Doe Defendants to any of his claims. If Plaintiff amends his complaint, he must link each defendant to a deprivation of a constitutional right. In other words, Plaintiff must specifically allege what each defendant did or did not do that resulted in a violation of his constitutional rights.

**B. Official Capacity**

To the extent Plaintiff seeks to bring claims against defendants in their official capacities for monetary damages, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

**C. Supervisory Liability**

Insofar as Plaintiff attempts to impose liability against Warden Bowen based solely on the Warden's role as supervisors, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cnty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

**D. Appeals Processing**

Plaintiff cannot pursue a claim against Warden Bowen relating to the review and denial of Plaintiff's inmate grievance. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be

based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

**E. Fourteenth Amendment-Due Process**

Plaintiff alleges that he was wrongfully removed from the HVAC class and denied the ability to earn milestone credits pursuant to California Penal Code section 2933.05 in violation of his due process rights.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not create a protectable liberty interest in early release credits. Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). State law also does not create a liberty interest in earning milestone credits. Under California law, "[p]rogram credit is a privilege, not a right." Cal. Penal Code § 2933.05(b). Accordingly, Plaintiff cannot state a claim for violation of his due process rights. Cf. Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) (California prisoner's do not have a protected liberty interest in earning work time credits).

Furthermore, according to exhibits attached to the complaint, Plaintiff was not "unassigned" from the HVAC I class. Rather, the class itself was terminated to allow for construction of a hands-on workshop for the HVAC II class, which was to be completed before Plaintiff and other students moved on to that class. During construction, Plaintiff was offered the opportunity to move into an Electrical 1 vocational assignment, but refused. Plaintiff was placed on a waiting list. Once the HVAC II class began operating, Plaintiff was placed in the HVAC II class. (ECF No. 1, pp. 14-15, 20-23.)

**F. Doe Defendants**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Plaintiff is advised that John and Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until

Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the John and Jane Does.

**IV. Conclusion and Order**

Plaintiff fails to state a cognizable section 1983. Although it does not appear that the deficiencies of his complaint can be cured by amendment, in an abundance of caution the Court will provide Plaintiff with an opportunity to amend his complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a cognizable claim.

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 8, 2015**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE